ALEXANDER B. MILLER, appellant *v.* CHARLES HOWELL, appellee.

*Appeal from Macoupin.*

In an action for a promissory note given for a town lot, and assigned after it became due, the maker, to show that the consideration had failed, offered to prove that the payees of the note, as proprietors of the town in which the lot was situated, publicly proclaimed, on the day of the sale of the lot, that they would build a store-house in the town, two stories high, forty by twenty-four feet, by the 1st of August following the day of sale; and that they would construct a bridge across the Big Macoupin, in the said town; but that they had failed so to do; *Held* that it would be no defence to the note, and that such proof would not be evidence of fraud, unless it was also shown that the proprietors of said town made such declarations deceitfully.

Fraud cannot exist without an intention to deceive.

THIS action was originally instituted before a justice of the peace of Macoupin county, and was brought by appeal into the Circuit Court, where the cause was tried at the April term, 1838, before the Hon. Jesse B. Thomas. Judgment was rendered for the plaintiff for $73 and costs of suit, from which the defendant appealed to this Court.

U. F. LINDER and JOHN S. GREATHOUSE, for the appellant.

STEPHEN A. DOUGLASS, for the appellee.

Miller v. Howell.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced on a promissory note assigned to Howell, the plaintiff below, after it became due. After the note was read in evidence, Miller, the defendant below, proved that the note was given as the consideration of the sale of a town lot, which was bid off by him at a public sale of lots held by the assignors of the note, and that the defendant received from them a bond to convey the lot upon the payment of the note. The defendant to show that the consideration of the note had failed, offered to prove that the payees of the note, as proprietors of the town in which the lot was situated, publicly proclaimed, on the day of the sale of the lot, that they would build a storehouse in the town, two stories high, forty by twenty-four feet, by the 1st of August following the day of sale; and that they would construct a bridge across the Big Macoupin, in the said town. Defendant further offered to prove that the payees of the note had failed to build the house and bridge. To the reception of this testimony, the plaintiff objected, and it was rejected by the Court. The rejection of this testimony is assigned for error. This testimony was properly rejected. It did not tend to show a failure of consideration. The consideration of the note was the sale of the lot for the conveyance of which Miller holds a bond. If the payees of the note should fail to convey the lot at the time stipulated in the bond, or if they had no title to the lot when it became their duty to convey—either of these facts would constitute a failure of consideration of the note. The declaration of the payees of the note, of their intention to build a house and a bridge in the town, can in nowise be said to form the consideration of the note. Nor did the evidence offered, amount to a fraud, because the defendant did not also offer to prove, that when the proprietors made the declarations of their intention to build in the town, they did it deceitfully. It does not appear from any thing the defendant offered to prove, but that the proprietors made the declarations in good faith. Fraud cannot exist without an intention to deceive. As the evidence offered did not tend to prove either failure of consideration or fraud, it was properly overruled.

The judgment is affirmed with costs.

*Judgment affirmed.*

Note. See McConnell v. Wilcox, Ante 344.—Every false affirmation does not amount to a fraud. Breese 234.